## 49941. McGILL v. ALLIS-CHALMERS CREDIT CORPORATION.

CLARK, Judge.

This marks the second time these parties have appeared in our court prior to trial. On the first occasion, in *Allis-Chalmers Credit Corp. v. McGill,* 130 Ga. App. 39 (202 SE2d 270), we affirmed the denial of plaintiff's motion for summary judgment. The present appeal, accompanied by the requisite review certificate, is from the denial of defendant's motion to dismiss for failure to state a claim upon which relief can be granted.

The complaint alleges, inter alia, the following: (1) defendant purchased construction equipment under a retail instalment contract in which he granted a security interest in the equipment to the holder of the contract; (2) plaintiff, Allis-Chalmers Credit Corporation, is the owner and holder of the retail instalment contract; (3) defendant defaulted on the contract and the equipment was repossessed by plaintiff which then sold the equipment after giving proper notice to the defendant and the public; (4) defendant is liable for the deficiency between the sale price of the equipment and the amount of the unpaid

balance on the contract.

1. The retail instalment contract in question was attached to and made a part of the complaint. The reverse side of the contract shows it had been assigned by the equipment seller to Allis-Chalmers Manufacturing Company. Defendant contends the exhibited assignment to Allis-Chalmers Manufacturing Company demonstrates that plaintiff, Allis-Chalmers Credit Corporation, is not the real party in interest of this action. This contention is without merit in the face of the specific allegation that "Plaintiff is the owner and holder of said Retail Installment Contract" in Paragraph 3 of the complaint. This is supplemented by Exhibit B which is a letter written to defendant debtor by plaintiff's attorney reiterating this same statement. For purposes of notice pleading it was not essential to attach a copy of the assignment to plaintiff which had been made by Allis-Chalmers Manufacturing Company.

When an inconsistency arises between a general allegation of the complaint and a contract which has been attached thereto as an exhibit, the allegation must yield to the contract itself. *Gaines v. Sheldon Simms Co.,* 119 Ga. App. 870, 871 (169 SE2d 126). However, no such inconsistency is manifest in the case at bar. The mere fact that the contract was originally assigned to Allis-Chalmers Manufacturing does not negate the allegation that plaintiff is the present holder and owner of the contract.

The allegations of the complaint do not disclose with certainty that plaintiff is not entitled to relief and the trial court did not err in denying defendant's motion. *Tri-City Sanitation v. Action Sanitation,* 227 Ga. 489 (181 SE2d 377).

2. "Where a motion to dismiss the plaintiff's petition for failure to state a claim on which relief may be granted (Code Ann. § 81A-112 (b) (6)) is supported by affidavits or depositions it should be treated as a motion for summary judgment. [Cit.] Where, however, no motion for summary judgment is made, and where it appears from the order of the trial court that judgment was entered on consideration of the petition only, without reference to the

defendant's pleadings or the affidavit contained in the record, the appellate court cannot broaden the base of the trial court's ruling but will look only to the petition to determine whether the petition should have been dismissed." *Brackett v. H. R. Block & Co.,* 119 Ga. App. 144 (1) (166 SE2d 369).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED NOVEMBER 4, 1974 — DECIDED JANUARY 7, 1975.

*Grubbs, Platt & Kearns, J. M. Grubbs, Jr., Adele Platt,* for appellant.

*Powell, Goldstein, Frazer & Murphy, David R. Aufdenspring, Harvey D. Harkness, James M. Griffin,* for appellee.