## 51789. JOHNSON et al. v. AETNA FINANCE, INC.

McMURRAY, Judge.

Plaintiff filed suit on a note for $1,182.14 principal plus $118.21 attorney fees. Plaintiff made a motion for summary judgment, which was granted. Defendant appeals. *Held:*

1. Defendant urges error in the court's holding that the defendant's answer did not raise a justiciable defense. This was not the holding of the trial court. The trial judge considered the pleadings and the evidence in the hearing on the motion for summary judgment. He then made a determination that there was no genuine issue as to any material fact. The first duty of the trial court before ruling on a motion for summary judgment is to determine whether there exists a genuine issue of material fact. "But the presence of a genuine issue in the case must be apparent in some manner other than by a mere allegation in the petition and the denial of the allegation in the answer, for 'We think that the legislature had as a primary purpose in enacting the summary judgment procedure to allow a party to pierce the allegations of the pleadings and to show the truth to the court and receive judgment where there is no genuine issue of material fact, although an issue may be raised by the pleadings.' *Scales v. Peevy,* 103 Ga. App. 42 (119 SE2d 193)." *General Gas Corp. v. Carn,* 103 Ga. App. 542, 545 (120 SE2d 156). Defendant's enumeration of error number 1 is without merit.

2. The remaining enumerations of error relate to the court's hearing oral testimony at the hearing on the motion for summary judgment. The hearing on the motion was not transcribed. Ordinarily, under such circumstances this court merely affirms the lower court since there is nothing to review if the evidence must be considered. Of course, in review of a motion for summary judgment the evidence must be considered.

Code Ann. § 81A-143 (§ 43 CPA) provides that the lower court may direct that motions be heard wholly or in part on oral testimony or deposition. In this instance the motion for summary judgment merely notified counsel for the opposing party as to when the hearing on the motion would be held. There was no notice made that it would be heard orally, nor did the lower court direct that it would be heard orally, which is a requirement of Code Ann. § 81A-143, supra.

Code Ann. § 81A-156 (§ 56 CPA) as to summary judgment refers strictly to affidavits, depositions, answers to interrogatories, admissions on file, but does not refer to oral testimony; of course, oral testimony cannot be filed until it has been transcribed. Attention is also called to the fact that generally affidavits must be served on the opposing parties, and affidavits made in opposition to motion for summary judgment not served at least one day before the hearing are barred. See Code Ann. § 81A-106 (d); *Malone v. Ottinger,* 118 Ga. App. 778 (3) (165 SE2d 660).

Our notice pleadings provide that the opposing party be notified as to what is going on. If the parties so elect, and the court so directs, a motion for summary judgment may be heard on oral testimony. In the case sub judice, movant merely notified opposing counsel that the motion for summary judgment would be heard on a certain date or as soon thereafter as counsel might be heard; and the lower court did not direct that the matter be heard on oral testimony. Consequently, this motion was not supported by any evidence except the pleadings until the oral hearing.

In *Price v. Star Service &c. Corp.,* 119 Ga. App. 171 (3) (166 SE2d 593) this court held that the lower court did not err in refusing to permit the calling of a witness for oral examination at the hearing of a motion for summary judgment. At page 179 Judge Eberhardt, the writer of the opinion, stated: "While there may be circumstances in which the court may, in its sound discretion, permit the use of oral evidence at a hearing on the motion, as, for example, when both parties agree, there is no requirement of the statute that it do so. Even in such circumstances where the parties have agreed the court

would be fully justified in denying the request when no arrangement had been made for reporting the evidence so that it might be reduced to writing and filed in the record. It is not the general purpose or design of the statute to permit the use of oral testimony. Very likely one reason for that is that the General Assembly recognized that it would result in the placing of much repetitious evidence in the record and virtually open every hearing on these motions into a full blown trial. When one party is permitted to call witnesses to testify on the hearing, it is only natural for the other to feel that he must do the same. Oral testimony would tend to make excursions into areas wholly irrelevant to the ground or grounds on which the motion is made, thus consuming unnecessarily the time of the court and encumbering the record." There is neither an agreement to hear this case on oral testimony nor an order of the trial judge notifying the parties under Code Ann. § 81A-143 that this matter would be heard on oral testimony.

The lower court erred in granting summary judgment.

*Judgment reversed. Bell, C. J., Deen., P. J., Stolz and Webb, JJ., concur. Pannell, P. J., Quillian, Clark, and Marshall, JJ., dissent.*

SUBMITTED FEBRUARY 3, 1976 — DECIDED JUNE 30, 1976 — REHEARING DENIED JULY 30, 1976.

*Elkins & Flournoy, Paul R. Gemmette,* for appellants.

*Jacob Beil, J. Norwood Jones, Jr., Lewis N. Jones, Leslie P. George,* for appellee.

PANNELL, Presiding Judge, dissenting.

In its opinion the majority states, "If the parties so elect, and the court so directs, a motion for summary judgment may be heard on oral testimony." The majority further quotes with approval *Price v. Star Service & Petroleum Corp.,* 119 Ga. App. 171, 179 (166 SE2d 593): "While there may be circumstances in which the court may, in its discretion, permit the use of oral evidence at a

hearing on the motion, as for example, *when both parties agree,* there is no requirement of the statute that it do so." (Emphasis supplied.)

In the present case there is no transcript of the hearing on the motion; further, there is no stipulation of the case in the record showing how the questions arose and were decided by the trial court. See Ga. L. 1965, pp. 18, 26 (Code Ann. § 6-805 (g)(i)). In the absence of a transcript or a stipulation as to what transpired at the hearing, this court is unable to determine if there was an agreement by both parties to allow the matter to be heard on oral testimony. The majority opinion states that there was no agreement to hear this case on oral testimony nor an order of the trial judge notifying the parties under Code Ann. § 81A-143 that this matter would be heard on oral testimony. However, there is nothing in the record to indicate whether there was in fact such an agreement at the hearing on the motion. Further, even if notification is required for the use of oral testimony, the absence of such notification could have been waived by the parties at the hearings.

"The general rule is that ' . . . one is limited in his appeal to grounds of objection which he properly presented to the trial court; he cannot make them for the first time on appeal.' [Cits.]" *Federal Ins. Co. v. Oakwood Steel Co.* 126 Ga. App. 479, 480 (191 SE2d 298). In the absence of a transcript of the hearing, we are unable to determine if the issues, raised for our consideration on appeal, were raised, *or even waived,* at the trial level. It is the law in Georgia that "the burden is upon the party asserting error on appeal to show such error by the record . . . Since the proof necessary for determination of the issues of this case are not lawfully before this court, we will [should] assume that the judgment is correct and affirm it." *Brooks v. Home Credit Co., Inc.,* 128 Ga. App. 176 (196 SE2d 176).

I am authorized to state that Judges Quillian, Clark and Marshall concur in this dissent.