### 54757. MATHEWS et al. v. CLEVELAND.

BELL, Chief Judge.
This is a suit to recover the balance due, plus interest and attorney fees on a retail installment contract. The defendants denied any indebtedness to plaintiff. Request for admission that the contract attached to the complaint was genuine; that defendants' signatures appear thereon; and that defendants made only two payments of $12.40

and $21.73, was served on defendants. Defendants filed objections to this request which the court overruled and defendants were ordered to answer and given 20 days in which to do so. The defendants did not answer. Plaintiff moved for summary judgment supported by affidavits which established that defendants executed the contract; that it was assigned to Beneficial Finance Company and later reassigned to plaintiff on defendants' default; and that defendants owed a balance due of $270.20 on the contract, plus interest and attorney fees. No counter-showing was made by defendants. Defendants moved to dismiss on the ground that plaintiff was not the real party in interest because of plaintiff's assignment of the contract to Beneficial Finance. Defendants' motion was denied and plaintiff's was granted. *Held:*

1. It was not error to deny defendants' motion. While Beneficial Finance may have acquired the contract by way of assignment from plaintiff, it appears without dispute that on defendants' default the plaintiff repurchased the contract. See *McGill v. Allis-Chalmers Credit Corp.,* 133 Ga. App. 700 (212 SE2d 27).

2. Plaintiff established a prima facie right to recover by the facts admitted by defendants when they failed to answer the request for admission and by the evidence contained in the supporting affidavits. No genuine issue remained for trial and a judgment for plaintiff was demanded as a matter of law. The grant of summary judgment was proper.

3. The defendants complain of an order overruling their motion to compel answers to interrogatories. No order of this description is in the record and even if it was, defendants have failed to enumerate the overruling of this order as error.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

SUBMITTED OCTOBER 31, 1977 — DECIDED DECEMBER 1, 1977 —
REHEARING DENIED DECEMBER 20, 1977 —

*Oze R. Horton,* for appellants.

*Worozbyt & Nodvin, Marvin P. Nodvin,* for appellee.