### 69092. BLAIR v. MOTORIZED LEASING, INC.
(325 SE2d 896)

BENHAM, Judge.

Appellee/lessor brought this action to recover damages it allegedly suffered due to appellant's breach of an automobile lease. Upon appellant's failure to make several payments, appellee repossessed the 1978 Mercedes 450SL, expended monies to make it saleworthy, and sold the car for $22,000. When the trial court granted summary judgment to appellee, this appeal followed.

1. Appellant maintains that the trial court failed to consider her response to appellee's motion for summary judgment. The record before us reflects that appellant's response was filed in open court the day of the motion hearing and was certified as having been served on opposing counsel by mail the previous day. It was within the discretion of the trial court to consider the response filed on the day of the

hearing. See *Atlanta Professional Assn. &c. v. Allen*, 163 Ga. App. 400, 402 (294 SE2d 647) (1982); *Leagan v. Levine*, 158 Ga. App. 293, 294 (279 SE2d 741) (1981). *Gross v. Pyrofax Gas Corp.*, 151 Ga. App. 130 (259 SE2d 137) (1979), and its progeny, *Martin v. Newman*, 162 Ga. App. 725 (2) (293 SE2d 18) (1982), are inapplicable since each is expressly based upon the decision in *Liberty Forest Prods., Inc. v. Interstate Paper Corp.*, 138 Ga. App. 153 (225 SE2d 731) (1976), in which this court expressly relied upon the parties' agreement that the response could be filed on the day of the hearing.

2. In her response to the motion for summary judgment, appellant questioned whether appellee was the real party in interest, in light of language contained in the lease assigning appellee's interest in the lease to a banking institution. Appellee's president executed an affidavit in which he stated that appellee was the original holder of the lease and is now the assignee and holder of the lease.

Even if we were to assume that appellant's response was timely and the objection properly raised, we would not find error in the trial court's grant of summary judgment to appellee. "The mere fact that the contract was originally assigned to [a banking institution] does not negate the [statement in an affidavit] that [appellee] is the present holder and owner of the contract." *McGill v. Allis-Chalmers Credit Corp.*, 133 Ga. App. 700 (1) (212 SE2d 27) (1975). See also *Mathews v. Cleveland*, 144 Ga. App. 423 (1) (241 SE2d 286) (1977). *Rigdon v. Walker Sales & Serv.*, 161 Ga. App. 459 (2f) (288 SE2d 711) (1982), cited by appellant, is distinguishable in that it did not involve a reassignment.

3. In its order granting summary judgment to appellee, the trial court ordered appellee to recover from appellant $6,270.97 in damages. Appellant maintains that the damages awarded constitute a penalty and a forfeiture.

The figure awarded was arrived at through a mathematical process which involved a lease provision that allowed appellee, upon appellant's default, to recover past due installments and all future installments, without reduction to present value. In the case at bar, appellant had made a down payment and five of the scheduled 48 monthly payments prior to her default. In calculating the amount of its damages, appellee started with a figure representing the remainder due on the lease, 42 payments of $496.76 each, a figure that is over 80 percent of the original total lease payments. Since an insubstantial portion of the lease term had expired upon default and liquidated damages of over 80 percent of the original total cost figured into the calculation of the award of damages, we must reverse the grant of summary judgment and remand the case to the trial court on the issue of the damages involved. *Taylor v. Commercial Credit &c. Corp.*, 170 Ga. App. 322 (316 SE2d 788) (1984). This no doubt will involve

the reduction to present value of the future installments of the lease. Id.

*Judgment reversed. Banke, C. J., and Pope, J., concur.*

DECIDED JANUARY 15, 1985.

*John W. Jonap, James J. Long*, for appellant.
*Steward A. Sparks III*, for appellee.