72694. CRUCET v. BOVIS, KYLE & BURCH et al.
(350 SE2d 322)

DEEN, Presiding Judge.

In January 1984, Douglas Crucet entered into a fee contract with appellee law firm in which he would be personally responsible for payment of legal services rendered by the firm on his behalf and on behalf of his corporation, The Cheyenne Development Corporation, as well as for expenses incurred and monies advanced by the firm. Crucet paid the firm a $10,000 retainer fee, but paid nothing further for services rendered. The firm filed a complaint seeking to recover $34,933.77 for fees and expenses on an open account. The complaint was later amended to include a claim under the fee contract and a claim for unjust enrichment. Six months later, the law firm filed a motion for summary judgment and attached the affidavits of Bovis and Pennington, which stated that they were given upon the personal knowledge of the affiants, qualified the affiants as experts, and stated that the time spent by the law firm in performing legal services for Crucet was reasonable and that the fee charged was reasonable and comparable to the rates charged by other attorneys in the Atlanta metropolitan area. The motion was originally scheduled for a hearing on October 4, 1985, but was continued at appellant's request until October 23, 1985. On that date, appellant filed with the court an affidavit of his expert witness, an attorney. Appellant claimed that a copy of the affidavit had been mailed to appellee on October 3, 1985. Appellee stated that it had neither seen nor received the affidavit prior to the hearing and orally moved to strike it on the basis it was not timely filed. On November 1, 1985, appellee filed a written motion to strike the affidavit on several grounds. The court below granted the motion to strike the affidavit, ruling that there were several grounds for granting the motion, any one of which would be sufficient, including the finding that the affidavit was untimely filed. Crucet appeals

from the grant of partial summary judgment in favor of the appellee in the amount of $29,922.77.

1. Appellant first contends the trial court erred in failing to consider his own affidavit. We find no evidence that the court failed to consider Crucet's affidavit, as the order states that the court has reviewed "all pleadings, affidavits, briefs and all other documents filed in this matter." An examination of the affidavit shows it does not create a factual issue requiring jury resolution.

2. The trial court correctly granted the law firm's motion to strike the affidavit of appellant's expert witness. OCGA § 9-11-6 (d) requires service of an affidavit not later than one day prior to the hearing date. The trial court can exercise its discretion in determining whether to consider an affidavit filed on the hearing date. *Blair v. Motorized Leasing*, 173 Ga. App. 283 (325 SE2d 896) (1985). We find no abuse of this discretion, as the evidence showed that appellant had this affidavit prior to the first hearing date and was negligent in failing to file it timely with the court. As this reason is sufficient to strike the affidavit, it is not necessary to address the remaining enumerations pertaining to the sufficiency of the affidavit.

3. In determining whether to strike an affidavit as untimely filed, the trial court is not required to differentiate between a response to a summary judgment and an affidavit filed in support of such a motion. OCGA § 9-11-6 (d) provides that *opposing affidavits* must be served no later than one day before the date of the hearing. OCGA § 9-11-5 (d) provides all papers served upon a party shall be filed with the court within the time allowed for service. This time, as it pertains to affidavits, is set forth in OCGA § 9-11-6 (d).

4. The trial court did not err in granting the law firm's motion for partial summary judgment, as no issue was raised which required jury resolution. The court found that the evidence supported a finding that the law firm had provided legal services and advanced expenses in the amount of $29,933.77, and that this amount was reasonable based upon the amount of work performed.

5. There is no evidence that the court improperly construed the evidence.

6. Appellee's motion for a 10 percent penalty pursuant to OCGA § 5-6-6 is denied.

*Judgment affirmed. Benham and Beasley, JJ., concur.*

DECIDED NOVEMBER 5, 1986.

*Michael P. Keenan*, for appellant.
*James M. Crawford*, for appellees.