75866. HUNTER et al. v. SCHROEDER et al.
(368 SE2d 561)

BIRDSONG, Chief Judge.

The trial court in this legal malpractice suit awarded attorney fees under OCGA § 9-15-14 to the defendants, upon defendants' motions filed 44 and 45 days after the parties entered a consent order dismissing the lawsuit with prejudice. This order of dismissals with prejudice recited that the dismissals were granted, "it appearing to the Court that all parties hereto consent [thereto, and] . . . [i]t further appearing to the Court that the *mutual dismissals* contained herein are *a fair and reasonable settlement of all claims in this action under all the facts and circumstances of this case. . . ."* (Emphasis supplied.) We granted this discretionary appeal on several grounds.

The underlying legal matter was plaintiff Hunter's divorce case, where he was defendant. After Hunter relieved his attorney Schroeder of employment, his new attorney continued the divorce defense and, after the divorce action was finalized, the new attorney, in October 1984, delivered a demand letter to Schroeder alleging several spe-

cific acts of negligence and malpractice. In November 1984, Hunter suffered a severe stroke, which his attorney contended was caused by Schroeder's alleged negligence and malpractice in the divorce action. This malpractice suit was filed against Schroeder and his partner in January 1985. The defendant attorneys filed a counterclaim for some alleged unpaid attorney fees. It later became evident to all, in an October 1986 deposition, that Hunter's stroke had rendered him completely incompetent and unable to assist in prosecution of his malpractice suit. It was also discovered by defendant Schroeder at this October 1986 deposition, that in March 1985 (three months after this malpractice suit was filed and five months after his stroke) Hunter had remarried his former wife.

This malpractice suit was settled by consent order dismissing with prejudice in April 1987, six months after it became apparent at the October 1986 deposition that Hunter was not competent to assist in prosecuting his action. *Held*:

The trial court's order granting attorney fees does not state the basis or ground for it. The trial court made its attorney fee award after hearing argument but we do not have the advantage of knowing what was said. Without transcript, we must assume the trial court based its award on a finding that Hunter's malpractice action "lacked substantial justification." See *Georgia Hospitality &c. v. Harrison Advertising*, 181 Ga. App. 163 (351 SE2d 489).

The arguments on appeal expressed in five original and supplemental briefs seem mostly a perpetuation of cloudy vexation, mimicking the "mind-numbing battle with the many-headed hydra of 'abusive litigation' law" encountered recently in *Ferguson v. City of Doraville*, 186 Ga. App. 430 (367 SE2d 551). We find it unnecessary to address most of these arguments. It appears to us so plain, fair and reasonable as to admit no dispute, that in providing in OCGA § 9-15-14 (e) that a party could move for attorney fees and expenses within 45 days of "final disposition" of a case, the legislature certainly did not mean to include per se a case where the claiming party has induced or achieved, by mutual dismissal of all then-pending claims or counterclaims, a dismissal with prejudice of the other's claims, actions or defenses. *Particularly* do we find so in this case, where the claiming party achieved the other's agreement to dismiss with prejudice by consenting to and proclaiming by court order that the "mutual dismissals . . . are a fair and reasonable settlement of all claims in this action under all the facts and circumstances of this case. . . ."

Moreover, it is very clear that the language of this "final disposition" of this case was a dismissal of *"all claims . . . under all the facts and circumstances of this case,"* which per se includes any possible claim that might otherwise have been allowed under OCGA § 9-15-14 on the basis that plaintiff Hunter's suit lacked substantial justi-

fication. (Emphasis supplied.)
*Judgment reversed. Banke, P. J., and Beasley, J., concur.*

DECIDED APRIL 7, 1988.

*Paul C. Myers*, for appellants.
*John G. Cicala, Jr., William L. Sanders, Bruce H. Beerman*, for appellees.