A91A0216. VALHALLA, INC. v. O'DONNELL.
(405 SE2d 895)

BIRDSONG, Presiding Judge.

Valhalla, Inc., appeals from the trial court's judgment enforcing the settlement of the lawsuit between Valhalla and John W. O'Donnell a/k/a Jack O'Donnell. In essence, Valhalla contends the trial court erred by refusing to consider its affidavit and response to

O'Donnell's motion seeking enforcement of the settlement, erred by denying its motion to reconsider its judgment enforcing the settlement, and erred by denying its motion to strike parts of the affidavit submitted in support of O'Donnell's motion. *Held*:

1. The record on appeal reveals that in June 1989, counsel for the parties agreed to settle the lawsuit with the understanding that Valhalla's counsel would prepare the settlement documents. When the settlement documents were not prepared after repeated letters from O'Donnell's counsel, on February 19, 1990, O'Donnell filed a motion to enforce the settlement with the affidavit of O'Donnell's counsel attached. Thereafter a hearing on the motion was scheduled for June 12, 1990. Valhalla did not respond to the motion until June 11, 1990, when by certified mail it served its response and opposing affidavit on O'Donnell. The response and affidavit were not filed until June 12, 1990, the day of the hearing.

At the hearing, however, the trial court refused to consider the response and affidavit because they were not filed within 30 days of service of the motion as required by Rule 6.2 of the Uniform Rules for Superior Courts, and granted O'Donnell's motion to enforce the settlement. Valhalla contends that rejecting its response and affidavit was prejudicial error because Rule 6.2 conflicts with the provisions of the Civil Practice Act. See *O'Quinn v. Southeast Radio Corp.*, 190 Ga. App. 608 (380 SE2d 487).

Although Valhalla is correct that Rule 6.2 must yield to conflicting provisions of the Civil Practice Act, that principle is not controlling in this appeal. The applicable provisions of the Civil Practice Act provide that a respondent to a motion for summary judgment may serve opposing affidavits prior to the day of the hearing (OCGA § 9-11-56 (c)) and that "[a]ll affidavits shall be filed with the court. . . ." OCGA § 9-11-56 (e). These provisions must be read in conjunction with OCGA § 9-11-6 (d) which specifies that "[o]pposing affidavits may be served not later than one day before the hearing, unless the court permits them to be served at some other time," and OCGA § 9-11-5 (d) which requires affidavits to be "filed with the court within the time allowed for service." As the opposing affidavit was not filed until the day of the hearing, it was untimely, and the trial court did not err by refusing to consider it. "The trial court can exercise its discretion in determining whether to consider an affidavit filed on the hearing date. *Blair v. Motorized Leasing*, 173 Ga. App. 283 (325 SE2d 896)." *Crucet v. Bovis, Kyle & Burch*, 180 Ga. App. 765, 766 (350 SE2d 322). Thus *O'Quinn v. Southeast Radio Corp.*, supra, is not controlling here, and Valhalla's contention that the trial court improperly rejected its affidavit is without merit.

2. Because of our holding in Division 1, Valhalla's other contentions are also without merit, as there was no rebuttal to his evidence

and O'Donnell was entitled to summary judgment. *Brumbelow v. Northern Propane Gas Co.*, 251 Ga. 674 (308 SE2d 544); *Vandiver v. McFarland*, 179 Ga. App. 411, 412 (346 SE2d 854).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED MAY 8, 1991.

Smolar, Peletier, Roseman & Barnes, Thomas A. Rice, for appellant.

John G. Haubenreich, for appellee.