A94A1292, A94A1341. CLOUD et al. v. GEORGIA CENTRAL CREDIT UNION et al. (two cases).
A94A1344. CLOUD et al. v. CHRYSLER FIRST BUSINESS CREDIT CORPORATION.
(448 SE2d 913)

BIRDSONG, Presiding Judge.

In these appeals Cynthia E. M. Cloud, Wilbert Cloud, and Diane

M. Knapp appeal several rulings of the trial court in favor of Georgia Central Credit Union and Chrysler First Business Credit Corporation on claims arising from a foreclosure sale of property securing debts owed by appellants and the later dispossessory of appellants from the property that was sold pursuant to the foreclosure. Appellants contend that the foreclosure sale was unlawful, that the trial court improperly required a supersedeas bond, and that the trial court improperly granted the dispossessory.

The records show that Chrysler First obtained title to certain real property in Decatur, Georgia, pursuant to a non-judicial foreclosure sale conducted by Georgia Central. Subsequently, appellants challenged that action alleging that the foreclosure sale was unlawful. After the trial court ruled against appellants, they appealed.

Then, because appellants did not leave the property after the foreclosure sale, Chrysler First filed a dispossessory action under OCGA § 44-7-50. In this action appellants admitted that Georgia Central effected a non-judicial foreclosure sale of the property to Chrysler First, but maintained that appellees conspired to prevent them from asserting their rights. After the lower court ordered a writ of possession, appellants also appealed.

Then, after appellants filed their notice of appeal in the dispossessory, Chrysler First moved for and was granted a supersedeas bond under OCGA § 5-6-46. Appellants have also appealed that order.

Although these were separate actions below and separate appeals, the appeals are consolidated as they concern the same parties and arise from litigation concerning the same property. *Held*:

### Case No. A94A1292

1. Appellants contend the trial court erred by granting Georgia Central's and Chrysler First's motion to dismiss and motion for summary judgment because appellants and Georgia Central mutually agreed to a departure from the contract terms; because genuine issues of material fact remain; because notice allegedly required by OCGA § 13-4-4 was not given; because issues of waiver and bad faith necessitated a jury trial; because DeKalb County was the proper venue for an action against Georgia Central; and because Georgia Central and Chrysler First acted in concert to oppress the plaintiffs.

The primary thrust of appellants' arguments is that the trial court erred by granting summary judgment to Georgia Central because the foreclosure sale was unauthorized since Georgia Central had effected a departure from the terms of the note sufficient to authorize appellants' failure to make payments on the debt. This argument is based on the contention that because Georgia Central earlier accepted late and irregular payments, Georgia Central somehow agreed that

appellants would not be required to make payments under the mortgage. Compare *Sandifer v. Long Investors*, 211 Ga. App. 757 (2a) (440 SE2d 479).

While parties may agree to depart from the terms of a contract (see OCGA § 13-4-4; *Smith v. General Finance Corp.*, 243 Ga. 500 (255 SE2d 14)) to support such a departure, there must be some evidence that an agreement to do so had been reached. In this appeal we find no evidence of the agreement appellants assert. Since at the time of the foreclosure appellants had not made a payment for over a year, for appellants to prevail on this claim there must have been some evidence that Georgia Central authorized this great deviation from the payment schedule. As nothing in this record shows that Georgia Central agreed to allow appellants, in effect, to cease making payments, appellants' argument is without merit. See *Duncan v. Lagunas*, 253 Ga. 61, 62-63 (316 SE2d 747); *Lewis v. C & S Nat. Bank*, 174 Ga. App. 847, 848 (332 SE2d 11); *Shalom Farms v. Columbus Bank &c. Co.*, 169 Ga. App. 145, 147-148 (312 SE2d 138). Further, since the evidence shows there was no deviation from the contract terms, notice under OCGA § 13-4-4 was not required.

2. Appellants' argument that they should have been allowed to redeem the property is also based upon a premise that is not supported by the evidence. Appellants contend that because Georgia Central's agent sent them a notice stating that they could redeem the property by making a payment of the arrearages by a certain date, they were allowed to redeem the property. As review of the security deed, however, shows that it contains no right to redeem the property by reinstating the debt after foreclosure, appellants have no right to do so. Pretermitting whether the letter, apparently sent to appellants in error, had any force and effect, is the fact that appellants did not pay the arrearages by the date specified in the letter or later. Thus, appellants did not exercise the right of redemption they now claim.

3. Appellants further contend the lower court erred by granting summary judgment when genuine issues of material fact remained for trial on appellees' bad faith. This argument too is without merit because appellants have produced no evidence creating a genuine issue on this claim. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). The record shows that when finally advised that one of the appellants had filed a bankruptcy petition months earlier, appellees, with the consent of the appellants concerned, took action to protect their financial interests by moving to vacate the automatic stay in bankruptcy as to this property. The record shows no evidence that appellees took this action in bad faith. Instead, the record shows that the foreclosure sale was conducted only after having been authorized by the U. S. Bankruptcy Court upon appellants' consent to appellees' motion. If appellants have a complaint with the actions of the bank-

ruptcy court, they should have raised them in the proper forum in a timely manner. This is not the proper forum to challenge the decision of the U. S. Bankruptcy Court.

4. We find no error in the lower court's dismissal of appellants' claim against Georgia Central because the record shows that Georgia Central neither maintained an office nor transacted business in DeKalb County. OCGA § 14-2-510 (b); *Hagood v. Garner*, 159 Ga. App. 289 (283 SE2d 355). Appellants' contention that Chrysler First and Georgia Central were joint actors in this matter is without factual support. Accordingly, appellants' enumerations of error concerning Case No. A94A1292 are without merit.

### Case No. A94A1341

5. In this appeal appellants contend the trial court erred by granting Chrysler First's motion for a supersedeas bond since the order was contrary to OCGA § 5-6-46, the order was entered in violation of Uniform Superior Court Rule 6.2; and further that the trial court abused its discretion by fixing an amount for the bond as excessive, punitive, and contrary to law. Appellants' primary argument is that OCGA § 5-6-46 does not authorize a supersedeas bond in this case because no money judgment was awarded against them. This argument, however, disregards the provision in the Code section that authorizes a supersedeas bond "[w]hen the judgment determines the disposition of the property in controversy as in real actions, trover, and actions to foreclose mortgages and other security instruments . . . the amount of the supersedeas bond shall be fixed at such sum only as will secure the amount recovered for the use and detention of the property, the costs of the action, costs on appeal, interest, and damages for delay." OCGA § 5-6-46 (a). Therefore, a supersedeas bond was authorized in this case even though no money judgment was entered against appellants.

6. Further, appellants' contention that the supersedeas bond was granted in violation of Uniform Superior Court Rule 6.2 is also without merit. Although the trial court, in fact, granted the bond within 30 days after Chrysler First moved for the bond, Uniform Superior Court Rule 6.2 does not apply to motions for supersedeas bonds. Since, by its terms, Uniform Superior Court Rule 6 applies to motions before trial, the rule does not govern post-trial motions for supersedeas bonds under OCGA § 5-6-46. This enumeration is also without merit.

7. Finally, appellants contend the amount of the bond was excessive. Under OCGA § 5-6-46 the trial court has the discretion to fix the amount of the bond when a motion is filed requesting a supersedeas bond. *Hyman v. Leathers*, 168 Ga. App. 112, 115-116 (308 SE2d

388). After consideration of the record on appeal, including the amount of the debt secured by the property foreclosed upon and appellants' actions in delaying the foreclosure sale by repeated bankruptcy filings as well as the filing of these appeals, we find that the trial court did not abuse its discretion by requiring appellants to post a supersedeas bond in the amount of $340,000. Id.

Accordingly the enumerations of error in Case No. A94A1341 are without merit.

### Case No. A94A1344

8. Appellants contend in this appeal that the trial court erred by granting Chrysler First a dispossessory because the foreclosure sale upon which Chrysler First's right of possession was based was void, contrary to equity, and was conducted in derogation of defendants' rights to ownership of the premises and, further, that the dispossessory was unlawful because appellants were not tenants at sufferance after the foreclosure but equity title holders since the foreclosure sale was unlawful.

Pretermitting appellants' arguments concerning the validity of the foreclosure sale, these arguments cannot be used to contest the dispossessory. *Roberts v. Collins*, 199 Ga. App. 614 (405 SE2d 508); *Cotton v. Fed. Land Bank*, 171 Ga. App. 360, 361 (320 SE2d 235). Moreover, contrary to appellants' assertions, as former owners remaining in possession after a foreclosure sale, they were tenants at sufferance subject to being dispossessed. *Collins v. Administrator of Veterans Affairs*, 156 Ga. App. 374, 375 (274 SE2d 760).

*Judgments affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED SEPTEMBER 8, 1994.

*J. L. Jordan,* for the Clouds.

*Macey, Wilensky, Cohen, Whittner & Kessler, Susan L. Howick,* for Georgia Central Credit Union.

*Davis & Doster, Joseph G. Davis, Jr., Phillip L. Pleska, Charles Waters, Jr.,* for Chrysler First Business Credit Corp.

