## A94A2191. INGRAM v. STAR TOUCH COMMUNICATIONS, INC.
### (450 SE2d 334)

BLACKBURN, Judge.

We granted appellant Denise Ann Ingram's application to appeal the trial court's order awarding attorney fees and expenses of litigation pursuant to OCGA § 9-15-14 (b).

During the course of the litigation, appellee scheduled three out-of-state depositions of its witnesses located in Kentucky. On April 1, 1993, after Ingram's counsel had refused to agree to telephonic depositions, Star Touch Communications, Inc. (Star Touch), provided Ingram with notice pursuant to OCGA § 9-11-30 (b) (1) that such depositions would be taken in Kentucky on April 9, 1993. Thereafter, Ingram moved for a protective order which was subsequently denied by the trial court on April 9, 1993. In this regard, Ingram argued, in part, that scheduling three separate depositions in separate cities on the same day was unreasonable.

On April 23, 1993, a new notice was given which provided that such depositions would be taken in Kentucky on April 29 and April 30, 1993. Counsel for Star Touch traveled to Kentucky and took the depositions in the two-day period in which they were scheduled. Neither Ingram nor her counsel attended, nor gave notice that they would not attend.

Subsequently, the case was settled without the formal release of any claim by appellee and Ingram dismissed her complaint with prejudice. Thereafter, defendant filed a motion for attorney fees and expenses contending plaintiff, without substantial justification, expanded the proceedings by refusing to agree to telephonic depositions. The trial court granted the motion and this appeal followed.

1. Ingram contends that the settlement and dismissal of this action extinguishes any right to attorney fees in Star Touch, citing this court's holding in *Hunter v. Schroeder*, 186 Ga. App. 799, 800 (368 SE2d 561) (1988). Alternatively, Ingram argues that Star Touch should be estopped in equity from asserting a claim for attorney fees and expenses due to its failure to give notice of such intention at the time of settlement.

In *Hunter*, we reversed an award of attorney fees and expenses under the provisions of OCGA § 9-15-14 on the ground that the legislature could not have intended to authorize a party to move for attorney fees and expenses within 45 days of final disposition of a case in circumstances in which the moving party had achieved a dismissal

with prejudice of the other party's claims, actions or defenses by a mutual dismissal and express release of all claims or counterclaims which were then pending. Id.

It is undisputed that Star Touch induced dismissal with prejudice by settlement. Further, while Star Touch settled without giving an express release of its claims, settlement is, in and of itself, generally construed to be a final disposition of any claim against a party to settlement by a party to the settlement arising out of the subject incident, unless remaining claims are specifically reserved by any of the parties. See *Coleman v. State Farm Mut. Auto. Ins. Co.*, 104 Ga. App. 328, 330 (121 SE2d 833) (1961). While, here, unlike *Hunter*, there was no express release of all claims or counterclaims and there was no mutual dismissal, there was likewise, no counterclaim filed or pending at the time of the settlement and a different result would obtain if there had been, as a failure to provide for a dismissal of such counterclaim would indicate that the parties intended that it survive the settlement of the other issues.

Furthermore, the party not taking the depositions, Ingram, had no statutory duty to attend the depositions, OCGA § 9-11-30 (g), and in not doing so, merely waived the right to confront and cross-examine the deponent. Absent extraordinary circumstances, not here present, the failure of a party to agree to telephonic depositions cannot form the basis of an award of attorney fees and expenses under OCGA § 9-15-14. Such a decision is a matter of tactics, strategy and advocacy based upon factors which may change during the course of the litigation. Any sanctions in connection with a refusal to consent to telephonic depositions must be based upon evidence of the inappropriateness of the refusal at the time thereof. It is not enough to show only that the expenses of the movant were increased by respondent's failure to consent. The record in the subject case contains no such evidence. The better practice in these circumstances would be to move the trial court to authorize the telephone depositions during the litigation, rather than to seek relief under OCGA § 9-15-14 at the conclusion thereof. The trial court erred in awarding attorney fees and expenses herein. Further, attorney fees and expenses for non-attendance are available only in the instance of the failure of the party taking the deposition to appear. OCGA § 9-11-30 (g). Id.

2. In light of the foregoing, we do not reach Ingram's remaining assignments of error.

*Judgment reversed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 22, 1994.

*Calabro & Jennette, Michael M. Calabro*, for appellant.

*Baker, Pacious & Hamilton, Kathleen M. Pacious*, for appellee.