## A95A1147. FOREST LAKES HOME OWNERS ASSOCIATION et al. v. GREEN INDUSTRIES, INC.
### (463 SE2d 723)

SMITH, Judge.

We granted appellants' application for discretionary review to address the procedural question of whether Uniform Superior Court Rule 6.2 applies to an OCGA § 9-15-14 motion for expenses and attorney fees made after dismissal of the main case. Additionally, we address the propriety of moving for attorney fees after settlement, as well as appellants' contention that attorney fees were erroneously awarded.

The underlying dispute involved disgruntled homeowners living in Forest Lakes Subdivision in Tift County, Georgia, who complained that appellee Green Industries, Inc. ("Green") was constructing a dwelling in violation of the subdivision's restrictive covenants regarding such matters as dwelling sizes, garage locations, and setbacks. They later successfully moved to add Leonard Morris, the developer of Forest Lakes Subdivision, as a defendant. On February 3, 1994, a consent judgment was entered in which appellants agreed, among other things, to dismiss their complaint against Green. The parties to the judgment were appellants and Morris, *but not Green.* On the same date, appellants dismissed, with prejudice, their complaint against Green. Also on February 3, 1994, Green dismissed its counterclaim for costs and attorney fees *without prejudice.*

On March 18, 1994, Green timely filed an OCGA § 9-15-14 motion for attorney fees supported by several affidavits and a deposition as well as a lengthy brief detailing relevant facts and arguments. Appellants did not file a response to the motion. After a hearing on the issue of whether counsel for appellants could present evidence at the hearing on the OCGA § 9-15-14 motion, the trial court ruled that appellants were precluded from introducing evidence not already of record at the hearing because they failed to file a response within 30 days of the filing of the motion for attorney fees.

After oral argument on the motion for attorney fees, during which appellants *were* permitted to rely on evidence already in the record at the time of the hearing, Green was awarded attorney fees in the amount of $6,944.10.

Appellants enumerate as error the trial court's ruling foreclosing them from presenting new evidence, as well as the ruling awarding attorney fees to Green.

1. Analysis of the issues raised by appellants would be incomplete without first examining the propriety of seeking attorney fees under OCGA § 9-15-14 after a dispute has been settled. In *Hunter v. Schroeder,* 186 Ga. App. 799 (368 SE2d 561) (1988) and *Ingram v. Star Touch Communications,* 215 Ga. App. 329 (450 SE2d 334)

(1994), this Court reversed awards of attorney fees made after the parties had settled their claims. In *Hunter*, supra, after the parties entered a consent order *mutually dismissing with prejudice* their claims against each other, the trial court awarded attorney fees to defendants. Id. at 799. This Court concluded it was not a purpose of OCGA § 9-15-14 to permit recovery of attorney fees when a claimant had "induced," via mutual dismissal, the dismissal of the opposing party's claims or defenses. Id. at 800. There, the defendant had obtained plaintiff's agreement to dismiss with prejudice "by consenting to and proclaiming by court order that the mutual dismissals [were] a fair and reasonable settlement of all claims . . . under all the facts and circumstances of [the] case." (Punctuation omitted.) Id. Similarly, in *Ingram*, the claimant for attorney fees "induced dismissal with prejudice by settlement." Id. at 330.

In this case, Green did not so induce dismissal of appellants' case against it. Any "mutual dismissal" occurred between appellants and Morris, Green's co-defendant. Regarding Green, the consent judgment entered by the court and signed by counsel for appellants and for Morris recites only that appellants agreed to dismiss their complaint against Green as a condition of settlement between appellants and Morris. Unlike *Hunter*, supra at 800, in which mutual dismissals eliminated "all claims . . . under all the facts and circumstances of [the] case," Green's claim for attorney fees was not eliminated by the consent judgment between appellants and Morris, and Green therefore was entitled to pursue its claim for attorney fees.

Green's dismissal of its counterclaim on the same date that appellants dismissed their case with prejudice and the consent judgment was entered does not demand a contrary result. Nowhere does the record indicate that dismissal of the counterclaim was a condition of appellants' dismissal with prejudice of their claim against Green. The counterclaim was dismissed because counsel for Green had correctly realized that a counterclaim was not the appropriate procedural vehicle for recovery of attorney fees under OCGA § 9-15-14. See *McCullough v. McCullough*, 263 Ga. 794, 795 (3) (439 SE2d 486) (1994); *Hutchison v. Divorce & Custody Law Center of Arline Kerman & Assoc.*, 207 Ga. App. 421 (427 SE2d 784) (1993). Though Green benefitted from the negotiations between Morris and appellants, it was not a party to the settlement and did not induce appellants' dismissal. To find otherwise could produce the inequitable result that the negotiations of two parties to a lawsuit could extinguish the right of a third party to seek attorney fees. Under these particular facts, therefore, Green was entitled to move for an award of attorney fees even though the underlying dispute had settled.

2. Having determined that Green properly moved for attorney fees, we address whether USCR 6.2 applies to a motion under OCGA

§ 9-15-14. Georgia courts have not addressed this narrow issue. USCR 6.1 by its terms applies to motions in civil cases made "prior to trial." USCR 6.2, regarding reply, provides: "Unless otherwise ordered by the judge, each party opposing a motion shall serve and file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion." Application of the latter rule to the response to the motion for attorney fees in this case presents a somewhat anomalous issue, as no trial ever occurred.

Though our appellate courts have not addressed application of Rule 6.2 to motions for attorney fees, the effect of the rule on other motions has been examined. In *Cloud v. Ga. Central Credit Union*, 214 Ga. App. 594, 597 (6) (448 SE2d 913) (1994), involving a motion for supersedeas bond, the court found that Rule 6.2 applied to pretrial motions "by its terms." Id. at 597 (6). Rule 6.2 consequently did not "govern post-trial motions for supersedeas bonds. . . ." Id. This case differs from *Cloud* in at least three respects. Here, unlike *Cloud*, there was no actual trial to use as a benchmark for determining which events were "pre-trial" and which "post-trial." Also, though Green dismissed its counterclaim against appellants, the dismissal was "without prejudice"; the possibility of further litigation was contemplated. Finally, the motion in *Cloud* was a post-trial motion in which the trial court's jurisdiction was limited, and the procedure to be followed was prescribed by OCGA § 5-6-46. See also OCGA § 5-6-35; *Fulton Paper Co. v. Reeves*, 212 Ga. App. 314, 315 (1) (441 SE2d 881) (1994). Under these circumstances, we are not bound by the ruling in *Cloud*.

A more nearly analogous situation was presented in *Valhalla, Inc. v. O'Donnell*, 199 Ga. App. 679 (405 SE2d 895) (1991). O'Donnell filed a motion to enforce settlement, and Valhalla waited until the day before the hearing, nearly five months after the motion was filed, to serve O'Donnell, by certified mail, with its opposing response and affidavit. Id. at 680. Valhalla filed the response and affidavit on the day of the hearing. The trial court refused to consider the late-filed evidence. Id.

In *Valhalla*, as here, no trial occurred. In both cases, the parties settled their underlying disputes. Nevertheless, in *Valhalla*, as in this case, post-settlement litigation followed. On appeal, the court in *Valhalla* did not rely solely on Rule 6.2 to affirm the trial court's refusal to consider late-filed evidence. It looked to subsections (c) and (e) of the summary judgment statute, OCGA § 9-11-56,[1] regarding time of

---

[1] OCGA § 9-11-56 (c) provides in part that the opposing party on a motion for summary judgment may serve affidavits "prior to the day of hearing." Subsection (e) provides in part that affidavits "shall be filed with the court and copies thereof shall be served on the opposing parties."

service of opposing affidavits and the filing of affidavits with the court. *Valhalla*, supra at 680. The court determined that these subsections "must be read in conjunction with" OCGA §§ 9-11-5 (d) and 9-11-6 (d), which directed that opposing affidavits be served and filed "not later than one day before the hearing" unless otherwise permitted by the court. Id. at 680. Relying on these provisions and stating that the trial court had discretion to determine whether to consider the affidavits, the court affirmed the trial court's refusal to consider the late-filed evidence. Id. at 680-681.

Just as the trial court has discretion regarding admission of late-filed evidence, it has discretion regarding admission of oral testimony. OCGA § 9-11-43 (b) provides: "When a motion is based on facts not appearing of record, the court *may* hear the matter on affidavits presented by the respective parties, but the court *may* direct that the matter be heard wholly or partly on oral testimony or depositions; provided, however, that this provision shall not limit the right of parties to use depositions where they would otherwise be entitled to do so." (Emphasis supplied.)

In *Johnson v. Aetna Finance*, 139 Ga. App. 452 (228 SE2d 299) (1976), plaintiff notified defendant that a hearing would be held on his motion for summary judgment, but the trial court did not direct that the motion would be heard on oral testimony. Id. at 453. Though no transcript of the hearing before the trial court was before this Court, it appears that oral testimony was admitted during the hearing. Id. at 452. On appeal, citing former Ga. Code Ann. §§ 81A-143 (OCGA § 9-11-43) and 81A-106 (d) (OCGA § 9-11-6 (d)), this Court noted that no notice or direction was given by the lower court that the case would be heard orally, and affidavits served later than one day before a summary judgment hearing are barred. Id. at 453. Because the defendant was not provided such notice, the trial court's grant of summary judgment to plaintiff was reversed. Id. at 453-454.

As in *Johnson*, the trial court in this case did not direct that the motion be heard on oral testimony, "which is a requirement of Code Ann. § 81A-143 [OCGA § 9-11-43]." Id. at 453. There was "neither an agreement to hear this case on oral testimony nor an order of the trial judge notifying the parties . . . that this matter would be heard on oral testimony." (Punctuation omitted.) Id. at 454. The trial court properly exercised its discretion: Green had filed its motion, complete with supporting affidavits and a deposition, and its argument was clearly set forth for appellants' perusal. Appellants, benefitting from knowing the basis of Green's argument, completely withheld their response. They gave Green no inkling of their position and arguments. If the oral testimony had been allowed, the principle of notice that lies at the heart of our system of pleading would have been violated. "Our notice pleadings provide that the opposing party be notified as

to what is going on." *Johnson*, supra at 453. Had appellants been allowed to present oral testimony and affidavits at the hearing, this conduct most certainly would have prevented Green from "knowing what was going on." This would have been unfair to Green, since appellants had been thoroughly enlightened as to Green's position.

Remedies under OCGA § 9-15-14 are now available not only after final disposition of an action but during the course of litigation; a motion may be filed "at any time during the course of the action but not later than 45 days after the final disposition of the action." OCGA § 9-15-14 (e). A ruling that USCR 6.2 does not apply to motions for attorney fees under OCGA § 9-15-14 could yield inconsistent results: A respondent to a motion for attorney fees made prior to trial would have 30 days to respond, while a respondent to such a motion made after trial could ignore the deadline with impunity, as did appellants.

Appellants were not without opportunity to be heard. They had 30 days from the filing of the motion and accompanying evidence to respond. Moreover, counsel for appellants was allowed to make arguments based upon evidence already of record in the case. Accordingly, under the facts of this case, the trial court did not err in applying USCR 6.2 and refusing to permit testimony at the hearing on Green's motion for attorney fees brought under OCGA § 9-15-14.

3. Appellants claim the evidence did not support an award of attorney fees. We disagree. OCGA § 9-15-14 (b) provides for assessment of attorney fees and expenses if the trial court "finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct."

By warranty deed recorded June 24, 1993, Morris conveyed eight tracts of property in Forest Lakes Subdivision to appellee Green. Appellants' complaint for declaratory judgment against Green, filed after the conveyance by Morris to Green, alleged that a dwelling under construction by Green violated certain protective and restrictive covenants in that the structure did not meet minimum dwelling size and setback requirements and that the garage opened to the street side. A corrective warranty deed was drafted and filed on August 25, 1993, specifying that the restrictive covenants be amended in accordance with the "Plan Approval" dated July 23, 1993, and executed by Morris. The Plan Approval amended the covenants regarding dwelling size, setbacks, and garage entrances. Almost immediately upon the filing of the corrective warranty deed, appellants did not contest the validity of the deed but instead amended their complaint to add Morris as a defendant, alleging that he "established a general building scheme and development plan relating to the quality and size of

homes to be built throughout Forest Lakes Subdivision, said general building scheme and development plan being outlined in the Protective Covenants applicable to plaintiffs' properties." They further contended that Morris made oral representations to them they had relied upon, along with "other evidences" of the general building scheme.

The trial court's award of attorney fees is supported by ample evidence. Evidence was before the court that several appellants also were in direct violation of the covenants which they contended applied to their properties; yet, they complained about the dwelling under construction by Green. Also, evidence showed that lots in the subdivision had been sold by Morris in a piecemeal fashion over the years. With a "minimum amount of diligence," a review of public records, as well as their own deeds, would have revealed to appellants that no "general building scheme" existed, belying their contentions in their complaint. See *Bankhead v. Moss*, 210 Ga. App. 508, 510 (436 SE2d 723) (1993). Furthermore, appellants represented that Morris had led them to believe when they bought their property that the subdivision would be so developed, but many of the appellants did not even purchase their land from Morris.

There is evidence that appellants unnecessarily "expanded the proceedings." They refused to attend a scheduled hearing on the issue of attorney fees, thereby causing Green to incur more fees through the filing of a motion. Appellants did not respond to this detailed motion and accompanying evidence and instead attempted to benefit from knowledge of Green's arguments and evidence, while concealing their own positions until the hearing itself.

The record clearly supports the trial court's award under the "abuse of discretion" standard applicable to OCGA § 9-15-14 (b) and the "any evidence" standard applicable to subsection (a) of the statute. The trial court's award of attorney fees is therefore affirmed. See *Bankhead*, supra; *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 527 (4) (c) (360 SE2d 566) (1987).

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 2, 1995.

*Reinhardt, Whitley & Wilmot, Robert C. Wilmot,* for appellants. *Herbert W. Benson,* for appellee.