## HARRIS v. ABNEY.

ALMAND, Justice. On the trial of an equitable action brought by A. D. Abney against L. A. Harris, seeking injunctive relief and specific performance of a lease contract, the jury on January 24, 1951, returned a verdict in favor of the plaintiff. On February 6 the court signed an order on the defendant's motion for a new trial, providing that the order to show cause would act as a supersedeas until the final order of the court. In March a final judgment and decree was signed nunc pro tunc as of January 24, counsel for both parties consenting, permanently enjoining the defendant from interfering with the plaintiff's use of the premises in question, and requiring the defendant to specifically perform the contract set up in the petition. On April 4 the plaintiff filed an application to adjudge the defendant in contempt of court for failing to comply with the final decree. The plaintiff also filed on April 17 a motion to require the defendant to make such bond as may be

necessary to protect the plaintiff's rights under the decree, or to vacate the supersedeas order. On April 17 the court entered an order overruling this motion, and on April 23 sustained the defendant's motion to dismiss the plaintiff's application to adjudge the defendant in contempt. The plaintiff by direct bill of exceptions sought a review of these two orders in this court, and on July 9 this court affirmed the order refusing to adjudge the defendant in contempt of court, for the reason that the decree had been superseded, and reversed the trial court's order, overruling the prayer of the petition seeking to require the defendant to give bond or make other provision to preserve the status quo, without direction. *Abney* v. *Harris*, 208 *Ga.* 184 (65 S. E. 2d, 905). On August 14 the trial court made the judgment of this court the judgment of the trial court, and on August 6 the trial judge, upon petition of the plaintiff, signed an order directing the defendant to show cause why he should not be adjudged in contempt of court for non-compliance with the final decree of January 24. After a hearing, the court on August 14, 1951, entered an order adjudging the defendant in contempt for failing to comply with the provisions of said decree, and assessed punishment and prescribed the manner in which he could purge himself of the contempt. The case is here now on a writ of error brought by the defendant, assigning error on this order. The bill of exceptions recites that on June 22, 1951, the defendant's motion for a new trial in the main case was denied, and that a bill of exceptions had been filed in this court, assigning error on the refusal of a new trial. This court on November 15, 1951, entered a judgment reversing the judgment of the trial court denying the defendant a new trial, and by such judgment the verdict of the jury and decree of the court in the main case were set aside. *Harris* v. *Abney*, 208 *Ga.* 518 (67 S. E. 2d, 724). The defendant has filed a motion to dismiss this case because the bill of exceptions was not certified within the time provided by law. *Held*:

1. Though the certificate of the trial judge shows that the bill of exceptions was signed more than 20 days after the date of the order complained of, the bill of exceptions recites that the same was tendered within 20 days from the date of the order complained of, and it further appears in the main bill of exceptions that an entry was signed by the trial judge, in which it was stated that the bill of exceptions was tendered on August 16, this tender being within two days of the date of the order, and there is nothing in the bill of exceptions to show that the delay in signing the bill of exceptions beyond the 20-day period was caused by any act of the plaintiff in error. The bill of exceptions having been tendered within the time provided by law, the motion to dismiss the writ of error is denied. See *Brumfield* v. *Jackson*, 193 *Ga.* 548 (2) (19 S. E. 2d, 279).

2. The order adjudging the defendant in contempt of court for failing to obey the decree, being founded upon the verdict of the jury in the main case, and this court having set aside such verdict and decree on November 15, 1951 (*Harris* v. *Abney*, supra), it is directed that, on the return of the remittitur in this case, the judgment adjudging the defendant in contempt be vacated. *Ficklen* v. *Mayor &c. of Washington*,

141 *Ga.* 441 (81 S. E. 123); *Dunn* v. *Campbell,* 146 *Ga.* 227 (91 S. E. 84).

*Judgment affirmed with direction. All the Justices concur.*

No. 17658. Submitted November 13, 1951—Decided January 15, 1952.

*Brinson & Davis,* for plaintiff in error.

*Shaw & Shaw, Farris & Farris, Earl B. Self* and *Thomas J. Espy,* contra.