A97A2276, A98A0363. C. A. GASLOWITZ & ASSOCIATES, INC. v. ZML PROMENADE, L.L.C. et al. (two cases).
(496 SE2d 470)

BLACKBURN, Judge.

In these companion cases, C. A. Gaslowitz & Associates (Gaslowitz) appeals the trial court's award of a directed verdict to defendants ZML Promenade and Equity Office Properties (collectively referred to as ZML) and the trial court's award of attorney fees to ZML. The underlying dispute arose from the parties' failed negotiations for office space.

*Case No. A97A2276*

In Case No. A97A2276, the following circumstances exist that are dispositive of the appeal: (1) The evidence supports the order directing a verdict in ZML's favor; (2) No reversible error of law appears and an opinion would have no precedential value; (3) The order of the court below adequately explains its decision; and (4) The issues are controlled adversely to Gaslowitz for the reasons and authority given in ZML's brief.

Therefore, the trial court's order directing a verdict in favor of ZML is affirmed pursuant to Court of Appeals Rule 36.

---

[4] *Hooten v. State*, 212 Ga. App. 770, 775 (2) (442 SE2d 836) (1994).

## Case No. A98A0363

In Case No. A98A0363, the trial court granted ZML's motion for attorney fees pursuant to OCGA § 9-15-14 (a) and (b). The trial court determined that Gaslowitz's complaint was motivated by his disappointment at being unable to consummate the lease in question and that such disappointment caused Gaslowitz to "ignore the settled case law as well as the clear warnings from Defendants that pursuit of this action" exposed it to attorney fees. The court awarded attorney fees in the amount of $17,238.99 to ZML.

OCGA § 9-15-14 (a) provides that the trial court shall award reasonable and necessary attorney fees where the offending party's position lacked any "justiciable issue of law or fact [so] that it could not be reasonably believed that a court would accept" it. OCGA § 9-15-14 (b) provides that the trial court may assess attorney fees if the action brought or defended "lacked substantial justification . . ., was interposed for delay or harassment, or . . . an attorney or party unnecessarily expanded the proceeding by other improper conduct." "OCGA § 9-15-14 (a) provides for a mandatory award [of attorney fees]. The standard of review for this section is the 'any evidence' rule. OCGA § 9-15-14 (b) is discretionary and the standard of review is abuse of discretion. Under both standards the record supports the trial court's award." (Footnote omitted.) *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 527 (4) (c) (360 SE2d 566) (1987).

"Although there is no error in the court's imposing an award for attorney fees, '(a) party opposing a claim for attorney fees has a basic right to confront and challenge testimony as to the value and need for legal services. (Cit.)' *Mitcham v. Blalock*, 214 Ga. App. 29, 32-33 (2) (447 SE2d 83) (1994); see also *Southern Cellular Telecom v. Banks*, 209 Ga. App. 401, 402 (433 SE2d 606) (1993); OCGA § 9-15-14 (d). The record does not show [Gaslowitz] was afforded such an opportunity, and the judgment must be reversed and remanded for an evidentiary hearing to determine an amount for reasonable and necessary attorney fees." *Cohen v. Feldman*, 219 Ga. App. 90, 92 (464 SE2d 237) (1995). See also *Oden v. Legacy Ford-Mercury*, 222 Ga. App. 666, 669-670 (3) (476 SE2d 43) (1996) (hearing required and "[a]t such hearing, each attorney for whose service compensation is sought must provide admissible evidence of fees in the form of personal testimony, or through the testimony of the custodian of the applicable billing records, as an exception to the hearsay exclusion. See OCGA § 24-3-1.").

*Judgment affirmed in Case No. A97A2276 pursuant to Court of Appeals Rule 36. Judgment reversed and remanded with direction in Case No. A98A0363. Pope, P. J., and Johnson, J., concur.*

DECIDED JANUARY 14, 1998 —
RECONSIDERATION DENIED FEBRUARY 2, 1998

*Adam R. Gaslowitz & Associates, Timothy J. McGann*, for appellant.

*Coleman & Dempsey, Arlene L. Coleman, David J. Dempsey*, for appellees.