## A01A2430. SAWYER v. SAWYER et al.
### (560 SE2d 86)

BARNES, Judge.

Stanley J. Sawyer appeals the judgment of the trial court dismissing his complaint against Aubrey A. Sawyer and Marvin Dukes for lack of personal service and awarding attorney fees pursuant to OCGA § 9-15-14. He contends the trial court erred by granting the appellees' motion to dismiss his complaint and by denying his motion for summary judgment. Although we affirm the trial court's dismissal of the complaint, we must vacate the award of attorney fees because no hearing was conducted on the amount of such fees.

1. Appellant's motion to file an amended brief is granted, and appellee Dukes' motion to dismiss the appeal because appellant's brief did not comply with the rules of this Court is denied.

2. Because appellant acknowledged at the hearing on the appellees' motion to dismiss that he had not perfected personal service on either appellee and because appellee Dukes filed an answer reserving this defense, the trial court did not err in dismissing appellant's complaint against both appellees. See *Hudson v. Williams*, 188 Ga. App. 726, 727 (374 SE2d 220) (1988).

3. As we have affirmed the trial court's dismissal of the appellant's complaint because he failed to serve the appellees with process, any issue concerning the denial of appellant's motion for summary judgment is moot.

4. Appellant further contends the trial court erred by granting appellee Sawyer's motion for attorney fees under OCGA § 9-15-14 without conducting a hearing. Although we find no abuse of discretion in the award of attorney fees, because appellant persisted in pursuing this action while knowing that he had not obtained personal service on the appellees (see *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 527 (4) (c) (360 SE2d 566) (1987)), we agree with appellant that a hearing was required under OCGA § 9-15-14 on the amount of the award.

> Although there is no error in the court's imposing an award for attorney fees, a party opposing a claim for attorney fees has a basic right to confront and challenge testimony as to

the value and need for legal services. [Cits.] The record does not show [Sawyer] was afforded such an opportunity, and the judgment must be reversed and remanded for an evidentiary hearing to determine an amount for reasonable and necessary attorney fees. [Cit.] See also *Oden v. Legacy Ford-Mercury*, 222 Ga. App. 666, 669-670 (3) (476 SE2d 43) (1996) (hearing required and "(a)t such hearing, each attorney for whose service compensation is sought must provide admissible evidence of fees in the form of personal testimony, or through the testimony of the custodian of the applicable billing records, as an exception to the hearsay exclusion. See OCGA § 24-3-1.").

(Punctuation omitted.) *C. A. Gaslowitz & Assoc. v. ZML Promenade*, 230 Ga. App. 405, 406 (496 SE2d 470) (1998).

Accordingly, the dismissal of appellant's complaint is affirmed, but the award of attorney fees is vacated, and the case is remanded for further proceedings regarding the award under OCGA § 9-15-14.

*Judgment affirmed in part, vacated in part and remanded with direction. Smith, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 8, 2002.

Stanley J. Sawyer, *pro se.*

*Blackburn, Walther & Sloan, Samuel P. Westmoreland, Barry L. Katz*, for appellees.