## A06A2407. HONKAN v. HONKAN.
(642 SE2d 154)

PHIPPS, Judge.

Achut Honkan sued Anant Honkan for title to certain real property. After approximately two years of litigation, the trial court ordered the property to be sold and the proceeds divided between the parties. The trial court also ordered that attorney fees incurred by Anant Honkan in the amount of $6,762.55 be deducted from Achut Honkan's portion of the proceeds. Achut Honkan claims that the award of attorney fees was improper because, among other things, the trial court failed to conduct a hearing before making the award. Because there is no evidence that Achut Honkan was given an opportunity to challenge the basis on which the fees were assessed, we vacate the portion of the trial court's judgment that assessed attorney fees. The remainder of the judgment is affirmed.[1]

1. Achut Honkan claims that the award of attorney fees was improper.

---

[1] In a supplemental brief filed in this court, Achut Honkan claims that the superior court lacked subject matter jurisdiction to hear Anant Honkan's motion for writ of possession. We find no merit in that claim, which is not supported by reference to the record or citation of authority. See Court of Appeals Rule 25 (c) (2), (3) (iii).

OCGA § 9-15-14 (b) provides, in pertinent part, that "[t]he court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party . . . unnecessarily expanded the proceeding by . . . improper conduct." As the basis for its award of attorney fees and expenses, the trial court found that Achut Honkan "unnecessarily delayed and extended this case and that this lawsuit should have been settled" and that he was "unduly litigious in handling this matter." However, there is no evidence that Achut Honkan had an opportunity to challenge the basis for the award.

On April 26, 2006, the trial court conducted a hearing on Anant Honkan's motion for writ of possession. During the hearing, Anant Honkan's attorney asked the court "to reserve the issue of attorney fees that I might submit that to you on a letter brief." The trial court responded, "All right," and later confirmed that the issue had been reserved, but there was no further discussion of attorney fees. Although the appellate record does not contain a letter brief or any other written request for fees or expenses, in an affidavit in support of his motion to set aside the judgment, Achut Honkan's counsel stated that counsel for Anant Honkan had submitted to the court copies of billing records and invoices to support his claim for attorney fees. Counsel stated that he had not been provided with copies of those documents, and no such documents are included in the appellate record.

Although a trial court has authority to impose an award for attorney fees, "[a] party opposing a claim for attorney fees has a basic right to confront and challenge testimony as to the value and need for legal services."[2] Because the record does not show that Achut Honkan was afforded such an opportunity, the judgment must be vacated and remanded for an evidentiary hearing regarding whether Anant Honkan is entitled to an award under OCGA § 9-15-14 (b), and if he is, to determine the amount of reasonable and necessary attorney fees.[3]

Anant Honkan takes the position that Achut Honkan waived his right to challenge the award of attorney fees because he did not object at the hearing when counsel for Anant Honkan asked to be allowed to address the issue of fees in a letter brief. "While we can envision situations in which a party may waive the right to an evidentiary

---

[2] *Mitcham v. Blalock*, 214 Ga. App. 29, 32-33 (2) (447 SE2d 83) (1994).

[3] See *C. A. Gaslowitz & Assoc. v. ZML Promenade*, 230 Ga. App. 405, 406 (496 SE2d 470) (1998); see also *Williams v. Cooper*, 280 Ga. 145, 146-147 (1) (625 SE2d 754) (2006) (without proper notice that award of attorney fees under OCGA § 9-15-14 (b) is under consideration, party against whom fees are assessed has not been given opportunity to challenge basis of award).

hearing on a motion for attorney fees, either expressly or by conduct, there is nothing in the record before us in this case to suggest that [Achut Honkan] did so."[4]

2. A prior tenant of the real property subject to the writ of possession filed an amicus curiae brief, challenging the writ because he was not given proper notice of the proceedings. Because this issue has not been properly raised by a party to this appeal, we conclude that it is not properly before us for appellate review.[5]

> The function of an amicus curiae is to call the court's attention to law or facts or circumstances in a matter then before it that may otherwise escape its consideration. He has no control over the litigation and no right to institute any proceedings therein, he must accept the case before the court with the issues made by the parties.[6]

We note that the amicus curiae in this case filed a motion to intervene in the trial court, but that motion was withdrawn before the trial court ruled on it.[7]

*Judgment affirmed in part and vacated in part. Smith, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 8, 2007.

*Joseph A. Carragher, Jr.*, for appellant.
*Michael R. Jones, Sr., Austin O. Jones*, for appellee.
*Glenn M. Lyon*, amicus curiae.

---

[4] *Munoz v. American Lawyer Media*, 236 Ga. App. 462, 467 (3) (a) (512 SE2d 347) (1999).

[5] *Fulton County v. Bartenfeld*, 257 Ga. 766, 771 (5) (363 SE2d 555) (1988).

[6] Id. (citations and punctuation omitted).

[7] See *Robinson v. Dept. of Transp.*, 185 Ga. App. 597, 601 (364 SE2d 884) (1988) (only party to case can appeal from judgment, or one who sought to become a party by intervention and was denied right to do so).