*Patrick H. Head, District Attorney, Amelia G. Pray, Assistant District Attorney*, for State of Georgia.

*Spix & Krupp, Mark V. Spix, Balch & Bingham, Michael J. Bowers*, for Damani.

*Wimberly, Lawson, Steckel, Nelson & Schneider, Les A. Schneider, Rhonda L. Klein, Paul Oliver, Jacqueline Joslyn*, for Ultra Telecom, Inc.

*Begner & Begner, Alan I. Begner*, for Allstar, Inc.

*Manchel, Wiggins & Kaye, Howard J. Manchel*, for Jackson.

A07A1217. NOTE PURCHASE COMPANY OF GEORGIA, LLC v. BRENDA LEE STRICKLAND REALTY, INC.
(654 SE2d 393)

MIKELL, Judge.

We granted this discretionary appeal to review the order awarding $6,732.50 in attorney fees to Brenda Lee Strickland Realty, Inc. ("Strickland"), in an action filed by Note Purchase Company of Georgia, LLC ("NPC"). Because the trial court did not hold a hearing and did not enter findings of conduct justifying such an award, we reverse the order and remand the case to the trial court for reconsideration of the award. The relevant facts follow.

NPC filed an action against Strickland and others in the State Court of DeKalb County. That action was voluntarily dismissed and timely refiled in the State Court of Fulton County as authorized under OCGA § 9-2-61 (a).[1] On the date of the hearing on defendant

---

[1] OCGA § 9-2-61 (a) provides:

When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the

Strickland's motion for summary judgment, NPC moved to dismiss its lawsuit. The trial court construed NPC's motion as an attempted second voluntary dismissal and dismissed the action with prejudice. Strickland moved for an award of attorney fees pursuant to OCGA § 9-15-14, which the trial court granted without a hearing. While the application for discretionary appeal was pending, Strickland filed a motion to attach NPC's attorneys for contempt for failure to pay the judgment. The trial court issued an order staying its judgment during the pendency of the appeal.

1. Pursuant to OCGA § 9-15-14 (b), the trial court may

> assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if . . . it finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct. . . . "[L]acked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.[2]

A trial court's award of fees under this Code section is discretionary, and the award will not be reversed absent an abuse of discretion.[3]

> When a trial court exercises its discretion to award such attorney fees and costs, however, it is incumbent upon the court to specify the conduct upon which the award is made. A judgment devoid of such findings must be vacated, and the case must be remanded for reconsideration.[4]

As a basis for awarding fees, the trial court's order in the case at bar states only that "the above-styled lawsuit lacks substantial justification." This finding is insufficient to support the award of fees under OCGA § 9-15-14.[5]

---

same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, . . . provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

[2] OCGA § 9-15-14 (b).

[3] *Johnston v. Correale*, 285 Ga. App. 870 (1) (648 SE2d 180) (2007).

[4] (Punctuation and footnote omitted.) Id. See also *Cason v. Cason*, 281 Ga. 296, 300 (3) (637 SE2d 716) (2006); *Bailey v. McNealy*, 277 Ga. App. 848, 849 (1) (627 SE2d 893) (2006).

[5] *Johnston*, supra at 870-871 (1). See also *Interfinancial Midtown v. Choate Constr. Co.*, 284 Ga. App. 747, 752-753 (3) (b) (644 SE2d 281) (2007).

Moreover, the trial court erred in entering an award of attorney fees without a hearing. "A hearing *is* required in order to enter an award of attorney fees. That is because an oral hearing gives the party opposing attorney fees an opportunity to confront and challenge testimony with regard to the need for, and value of, legal services."[6] Accordingly, this case must be remanded to the trial court for a hearing on attorney fees followed by the entry of judgment containing findings of fact and conclusions of law as to the statutory basis for the award, if any, and the conduct for which it is authorized.[7]

2. We consider an additional argument raised by NPC; namely, that Strickland's motion for attorney fees was void because it was not accompanied by a supporting affidavit. Under OCGA § 9-15-14 (e), a motion seeking attorney fees must be filed "not later than 45 days after the final disposition of the action." Here, the order dismissing the action with prejudice was entered on December 5, 2005, and the motion seeking attorney fees was filed on January 13, 2006, within 45 days thereafter. The affidavit in support of the motion, which detailed the fees charged to Strickland, was not filed until March 13, 2006, however. NPC contends that the late-filed affidavit rendered the motion void pursuant to Uniform Superior Court Rule ("USCR") 6.1. The applicable rule in the state courts is identical.[8] Uniform State Court Rule 6.1 provides that "every motion . . . when filed shall include or be accompanied by citations of supporting authorities and, where allegations of unstipulated fact are relied upon, supporting affidavits."[9] In *Forest Lakes Home Owners Assn. v. Green Indus.*,[10] we held that USCR 6.2, which requires that "each party opposing a motion shall serve and file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion," applies to motions for attorney fees under OCGA § 9-15-14.[11] In so ruling, we held that a trial court properly exercised its discretion when it applied USCR 6.2 to exclude oral testimony offered by the respondent at a hearing on the motion for attorney fees where the respondent had completely failed to reply to the motion.[12]

---

[6] (Citations omitted; emphasis in original.) *Evers v. Evers*, 277 Ga. 132 (1) (587 SE2d 22) (2003). Accord *Rice v. Grubbs*, 281 Ga. 614 (641 SE2d 514) (2007).

[7] *Rice*, supra; *Bailey*, supra.

[8] See *City of Warner Robins v. Baker*, 255 Ga. App. 601, 603 (1) (b) (565 SE2d 919) (2002), citing Uniform State Court Rules (A).

[9] See also OCGA § 9-11-6 (d): "When a motion is supported by affidavit, the affidavit shall be served with the motion."

[10] 218 Ga. App. 890 (463 SE2d 723) (1995).

[11] Id. at 894 (2). The controlling State Court Rule 6.1 is identical to the Superior Court Rule, although the companion rule, governing responses to motions (Rule 6.2) differs slightly in state court.

[12] Id. at 893-894 (2).

In accordance with *Forest Lakes Home Owners Assn.*, we hold that the decision to consider a late-filed affidavit offered in support of a motion for attorney fees under OCGA § 9-15-14 lies within the sound discretion of the trial court. It does not render the motion void ab initio.

3. All other enumerated errors are rendered moot by our decision.

*Judgment reversed and case remanded with direction. Johnson, P. J., and Phipps, J., concur.*

ON MOTION FOR RECONSIDERATION.

NPC argues in a motion for reconsideration that we overlooked a material fact in the record; namely, that Strickland's motion to attach NPC's attorneys for contempt for failure to pay the judgment assessing attorney fees against NPC remains pending in the trial court. But not only did we note that fact in our opinion, we reversed the trial court's judgment and remanded the case for a hearing and proper findings pursuant to OCGA § 9-15-14. NPC's attorneys cannot be held in contempt of a judgment that has been reversed by an appellate court.[13]

The remainder of NPC's contentions in its motion for reconsideration were raised in its initial brief and were ruled on by this Court. They do not merit further discussion.

Accordingly, NPC's motion for reconsideration raises no issues warranting relief in addition to that already granted in the main appeal, and it is denied.

*Motion for reconsideration denied.*

DECIDED OCTOBER 23, 2007 —
RECONSIDERATION DENIED NOVEMBER 28, 2007.

*Shawn M. Winterich, Chilivis, Cochran, Larkins & Bever, Nickolas P. Chilivis, Nickolas P. T. Chilivis*, for appellant.

*Weissman, Nowack, Curry & Wilco, Ashoo N. Sharma, Reginald L. Winfrey*, for appellee.

---

[13] See *Harris v. Abney*, 208 Ga. 588, 589 (2) (68 SE2d 577) (1952).