### A10A1775. MOORE v. MOORE.
(706 SE2d 465)

SMITH, Presiding Judge.

In this discretionary appeal, Philip Moore appeals from the trial court's award of attorney fees to William Charles Moore, pursuant to OCGA § 9-15-14.[1] Appellant contends, in part, that the trial court's award should be vacated because the trial court failed to hold a hearing or to make findings of fact and conclusions of law supporting the award in its written order. We agree.

1. As appellant asserts, it is "black letter law" that a hearing is required to enter an award of attorney fees. "In order for an award under OCGA § 9-15-14 (b) to be valid, the trial court must conduct an evidentiary hearing to determine the amount of reasonable and necessary attorney fees, and the failure to do so is reversible error." (Citations, punctuation and footnote omitted.) *Slone v. Myers*, 288 Ga. App. 8, 12 (3) (653 SE2d 323) (2007). The trial court's judgment must be vacated, and the matter remanded for an evidentiary hearing regarding whether the defendant was entitled to an award under OCGA § 9-15-14 (b) based on the plaintiff's misconduct, and if so, the amount of the award. *Honkan v. Honkan*, 283 Ga. App. 522, 523 (1) (642 SE2d 154) (2007).

2. Appellant also correctly asserts that a trial court is required to make express findings of fact and conclusions of law as to the statutory basis for an award of attorney fees under OCGA § 9-15-14.

> A judgment devoid of these findings must be vacated and the case must be remanded for reconsideration. As the trial court's order omitted these mandatory findings, we must remand this case with direction that the trial court either include in its order findings of the conduct that authorized the award or vacate its order.

(Citations and punctuation omitted.) *Gilchrist v. Gilchrist*, 287 Ga. App. 133, 133-134 (1) (650 SE2d 795) (2007).

3. Appellant's remaining enumeration of error asserts that the

---

[1] While the trial court's brief order does not specify the basis for the award, this is the statute under which appellee sought attorney fees.

trial court's award of attorney fees was not warranted. In light of our holdings above, "these contentions are not ripe for our review." *Morris v. Morris*, 222 Ga. App. 617, 619 (3) (475 SE2d 676) (1996).

Accordingly, the trial court's judgment is vacated, and we direct the trial court upon remand to conduct a hearing, reconsider the award under OCGA § 9-15-14, make appropriate findings of fact, and enter a new judgment from which appeal by either party is authorized.

*Judgment vacated and case remanded. Mikell and Adams, JJ., concur.*

DECIDED FEBRUARY 16, 2011.

*Schklar, Ney & Heim, William B. Ney*, for appellant.
*Thomas S. Fisher*, for appellee.

