A11A0466. UNIFUND CCR PARTNERS v. MEHRLANDER.
(710 SE2d 882)

DILLARD, Judge.

Unifund CCR Partners, assignee of Direct Merchants Bank, N.A. ("Unifund"), appeals the trial court's award of attorney fees and litigation expenses to Betty Mehrlander pursuant to OCGA § 9-15-14.[1] Unifund contends that the trial court erred by granting the award (1) prior to expiration of the 30-day period in which Unifund was entitled to respond to Mehrlander's motion, (2) without conducting a hearing,

---

[1] Reasonable attorney fees and litigation expenses "shall" be awarded when there "existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim" and "may" be awarded when the trial court "finds that an attorney or party brought or defended an action . . . that lacked substantial justification." OCGA § 9-15-14 (a), (b). An action lacks "substantial justification" when it is "substantially frivolous, substantially groundless, or substantially vexatious." OCGA § 9-15-14 (b).

and (3) in an order devoid of the required findings of fact and conclusions of law. For the reasons set forth infra, we vacate the trial court's order and remand the case sub judice with direction.

Unifund brought a garnishment action against Mehrlander after obtaining a default judgment against her.[2] Mehrlander then moved to set aside the default judgment and filed a counterclaim against Unifund for malicious garnishment. Thereafter, Unifund consented to setting aside the default judgment and dismissed its garnishment action. Mehrlander, however, continued to pursue her counterclaim against Unifund and, within 45 days of the trial court's denial of same,[3] filed a motion seeking attorney fees and litigation expenses under OCGA § 9-15-14 (a) and (b).[4] The trial court granted Mehrlander's motion for attorney fees and litigation expenses without holding a hearing, before allowing Unifund a full 30 days to respond to Mehrlander's motion,[5] and without setting forth findings of fact and substantiated conclusions of law in its order. In response, Unifund filed a discretionary application for appeal with this Court, and shortly thereafter, the trial court entered an order attempting to vacate its earlier grant of attorney fees and litigation expenses. At that point, however, the trial court no longer had jurisdiction over this case,[6] and leave to appeal was ultimately granted by this Court.

We review a trial court's ruling on a motion for attorney fees and litigation expenses under OCGA § 9-15-14 (a) using the "any evidence" standard, and one based on OCGA § 9-15-14 (b) for an "abuse of discretion."[7] But here, we are unable to conduct any kind of meaningful appellate review as a result of the trial court[8]

---

[2] Mehrlander did not file an appellee's brief. As such, we accept Unifund's statement of facts as true because it is uncontroverted, and Mehrlander's failure to point out material inaccuracies or incompleteness in the appellant's brief "constitute[s] consent to a decision based on [Unifund's] statement of facts." Ct. App. R. 25 (b) (1).

[3] See OCGA § 9-15-14 (e) ("Attorney's fees and expenses under this Code section may be requested by motion at any time during the course of the action but not later than 45 days after the final disposition of the action.").

[4] Mehrlander's motion asserted that Unifund's claim completely lacked "any justiciable issue of law or fact" such that "it could not reasonably be believed that a court could accept the claim" and that Unifund's claim "lacked substantial justification." See OCGA § 9-15-14 (a), (b).

[5] Unifund's timely response to Mehrlander's motion was filed after the trial court had already entered its order.

[6] See OCGA § 5-6-35 (h) ("The filing of an application for appeal shall act as a supersedeas to the extent that a notice of appeal acts as supersedeas.").

[7] E.g., Rescigno v. Vesali, 306 Ga. App. 610, 615-16 (4) (703 SE2d 65) (2010); Wallace v. Noble Village at Buckhead Senior Housing, 292 Ga. App. 307, 310 (664 SE2d 292) (2008); C.A. Gaslowitz & Assocs. v. ZML Promenade, 230 Ga. App. 405, 406 (496 SE2d 470) (1998).

[8] See Cotting v. Cotting, 261 Ga. App. 370, 372 (2) (582 SE2d 527) (2003) (holding that when appellate court was "in the dark" regarding trial court's basis for ruling on attorney fees,

(1) failing to hold a hearing on Mehrlander's motion for attorney fees and litigation expenses,[9] (2) ruling on the motion prior to the expiration of the 30-day period in which Unifund was entitled to file a responsive brief (without otherwise providing Unifund with an opportunity to be heard on the matter—e.g., a hearing),[10] and (3) failing to include in its order an explanation for the statutory bases upon which the award of attorney fees and litigation expenses was granted, as well as express findings of fact and conclusions of law in support of same.[11]

Accordingly, the trial court's award of attorney fees and litigation expenses is vacated and the case is remanded to the trial court with direction that an evidentiary hearing be conducted upon proper notice in order to determine the amount, if any, of reasonable and necessary attorney fees and/or litigation expenses.[12] On remand, the trial court is also directed to (1) reconsider the award of attorney fees and litigation expenses, (2) provide, if necessary, an explanation of the statutory basis or bases for any award given under OCGA § 9-15-14 (a) and/or (b), as well as any findings of facts and conclusions of law necessary to support such an award, and (3) enter a new

---

the attorney-fees award could not be properly reviewed and the case was remanded for clarification of the court's award).

[9] *C.A. Gaslowitz & Assocs.*, 230 Ga. App. at 406 (holding that "a party opposing a claim for attorney fees has a basic right to confront and challenge testimony as to the value and need for legal services" (citation and punctuation omitted)); *see also Evers v. Evers*, 277 Ga. 132, 132 (1) (587 SE2d 22) (2003) ("A hearing *is* required in order to enter an award of attorney fees." (citation omitted)); *Sawyer v. Sawyer*, 253 Ga. App. 619, 619 (4) (560 SE2d 86) (2002) (although award of attorney fees was not an abuse of discretion, trial court erred in failing to hold a hearing regarding same). *Compare Tavakolian v. Agio Corp.*, 304 Ga. App. 660, 664 (3) (697 SE2d 233) (2010) (holding that party, by conduct, waived the right to an evidentiary hearing on the issue of attorney fees).

[10] *See* Unif. Sup. Ct. R. 6.2 (providing that "[u]nless otherwise ordered by the judge, each party opposing a motion shall serve and file a response, reply memorandum, affidavits, or other responsive material not later than 30 days after service of the motion"); *see also Butler v. Bolton Road Partners*, 222 Ga. App. 791, 792 (1) (476 SE2d 265) (1996) (holding that trial court's issuance of an order prior to the 30-day time period outlined in Rule 6.2 does not constitute reversible error when the party opposing the motion was still given an opportunity to respond to the merits of same); *Hosley v. Davidson*, 211 Ga. App. 529, 530-31 (1) (439 SE2d 742) (1993) (holding that when a trial court does not issue an order extending or limiting the 30-day period to respond, the guidelines of Rule 6.2 control).

[11] *See Evers*, 277 Ga. at 132 (2) ("In order to award attorney fees, a trial court must make findings of fact and conclusions of law which are sufficient to support the award." (citation omitted)); *DeRossett Enters. v. Gen. Electric Capital Corp.*, 275 Ga. App. 728, 731-32 (4) (621 SE2d 755) (2005) (holding that trial court committed reversible error by failing to make findings of fact identifying the conduct giving rise to award); *see also Note Purchase Co. of Ga. v. Brenda Lee Strickland Realty*, 288 Ga. App. 594, 595 (1) (654 SE2d 393) (2007) ("When a trial court exercises its discretion to award . . . attorney fees and costs, . . . it is incumbent upon the court to specify the conduct upon which the award is made." (citation and punctuation omitted)).

[12] *See Green v. McCart*, 273 Ga. 862, 863 (1) (548 SE2d 303) (2001); *Sawyer*, 253 Ga. App. at 620 (4).

judgment from which the losing party may appeal.[13]

Unifund's remaining enumeration of error is that the trial court's award of attorney fees and litigation expenses was not warranted. In light of our holdings supra, "these contentions are not [yet] ripe for our review."[14]

*Judgment vacated and case remanded with direction. Smith, P. J., and Mikell, J., concur.*

DECIDED MAY 26, 2011.

*James T. Freaney*, for appellant.
*Dubberly & McGovern, B. Daniel Dubberly III*, for appellee.

---

[13] *See DeRossett Enters.*, 275 Ga. App. at 732 (4); *Meacham v. Franklin-Heard County Water Auth.*, 302 Ga. App. 69, 77 (4) (690 SE2d 186) (2009) (vacating and remanding because "the trial court failed to . . . identify the statutory basis under either subsection (a) or (b) [of OCGA § 9-15-14], and to include the requisite findings of conduct that authorize the award"); *Note Purchase Co. of Ga.*, 288 Ga. App. at 596 (1) ("[T]his case must be remanded to the trial court for a hearing on attorney fees followed by the entry of judgment containing findings of fact and conclusions of law as to the statutory basis for the award, if any, and the conduct for which it is authorized." (footnote omitted)).

[14] *Moore v. Moore*, 307 Ga. App. 889, 890 (3) (706 SE2d 465) (2011) (citation and punctuation omitted).